*ours & Co.,* 142 Misc.2d 926, 539 N.Y.S.2d 605, 606 (N.Y.Sup.1988) (plaintiff's complaint about unsafe working conditions resulted in improper disciplinary action against him, false accusation that he was responsible for accident that resulted in death of one woman, termination, discrimination after reinstatement, and second termination); *Flamm v. Van Nierop,* 56 Misc.2d 1059, 291 N.Y.S.2d 189, 190–91 (N.Y.Sup.1968) (recurring physical threats and harassing phone calls).

The conduct in these cases is readily distinguishable from that alleged by Stuto. The individual defendants here neither verbally abused, physically threatened, nor publicly humiliated Stuto; they neither falsely accused him of criminal or heinous misconduct, threatened him with prosecution, nor permanently deprived him of his benefits or employment. Accordingly, we affirm the district court's dismissal of Stuto's claim under the FTCA for intentional infliction of emotional distress.

## CONCLUSION

We hold that (1) Stuto failed to state a claim for denial of due process because adequate post-deprivation remedies existed to restore his benefits; and (2) Stuto failed to allege sufficiently "extreme or outrageous" conduct to state a claim under the FTCA for intentional infliction of emotional distress. The judgment of the district court dismissing Stuto's claims is affirmed.

**FULL GOSPEL TABERNACLE and Jorge Vega, Pastor of Full Gospel Tabernacle is substituted in place of Robert Castro, Plaintiffs–Appellants,**

v.

**COMMUNITY SCHOOL DISTRICT 27; Community School Board 27 of the City of Ozone Park; Michael Weitz, in his official capacity as Principal of Public School 105 Queens; Sheila McElhatten, in her official capacity as Secretary to the Director of Operations; Brenda Isaacs, in her official capacity as Community Superintendent of Community School District 27; Kenneth L. Grover, in his official capacity as Deputy Superintendent of Community School District 27; James Egan; Donna Marie Caltabiano; Ernest Brown; Shalom Becker; James G. Adams; Richard J. Altabe; Geraldine Chapey; Steven Greenberg; and James Sanders, Jr., in their official capacity as members of Community School Board 27, and Board of Education of the School District of the City of New York, Defendants–Appellees,**

**Attorney General of the State of New York, Intervenor–Defendant–Appellee.**

**Docket No. 97–9235.**

United States Court of Appeals, Second Circuit.

Argued Jan. 11, 1999.

Decided Jan. 25, 1999.

Mark N. Troobnick, American Center for Law and Justice (Jay Alan Sekulow, of counsel), Washington, D.C., for Appellants.

Stuart D. Smith, Office of the Corporation Counsel of the City of New York (Jeffrey D. Friedlander, Acting Corporation Counsel, and Larry A. Sonnenshein, of counsel), New York, New York, for Defendants–Appellees.

Martin Bienstock, Assistant Attorney General of the State of New York (Dennis C. Vacco, Attorney General; John McConnell, Deputy Solicitor General; Thomas D. Hughes, Assistant Solicitor General; Jeffrey I. Slonim, Assistant Attorney General, of counsel), New York, New York, for Intervenor–Defendant–Appellee.

Kimberlee W. Colby, Center for Law & Religious Freedom, Christian Legal Society, Annandale, Virginia, for Amicus Curiae Christian Legal Society.

Jay Worona, General Counsel, New York State School Boards Association, Inc., Albany, New York, for Amicus Curiae New York State School Boards Association, Inc.

Before: WINTER, Chief Judge, VAN GRAAFEILAND, and KEARSE, Circuit Judges.

PER CURIAM:

We affirm for substantially the reasons stated by Judge Haight in the decision below. *See Full Gospel Tabernacle v. Community School District 27*, 979 F.Supp. 214 (S.D.N.Y. 1997).

**Irwin HALPER, Appellant,**

v.

**Barry HALPER.**

No. 98–5093.

United States Court of Appeals,
Third Circuit.

Argued Oct. 26, 1998.

Decided Jan. 6, 1999.